```
UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------   X
ROBERT MILTON,                                               :
                                                             :
                          Plaintiff,                         :
                                                             :
              - against -                                    :    **MEMORANDUM**
                                                             :    **DECISION AND ORDER**
CORRECTION OFFICER REHMAN,                                   :
CORRECTION OFFICER DELOVIC,                                  :    19-cv-1258 (BMC) (LB)
CORRECTION OFFICER JOHN DOE, and                             :
CORRECTION OFFICER SGT. JOHN DOE,                            :
                                                             :
                          Defendants.                        :
----------------------------------------------------------   X
```

**COGAN**, District Judge.

Plaintiff *pro se* brought this action in connection with injuries he sustained at the Metropolitan Correctional Center in New York County. For the reasons stated below, this action is transferred to the United States District Court for the Southern District of New York.

## SUMMARY OF COMPLAINT

According to the complaint, defendant correctional officers Rehman and Delovic were transporting plaintiff when plaintiff requested medication for his anxiety and claustrophobia. Rehman and Delovic allegedly ignored plaintiff's request for medication, and plaintiff refused to be restrained.

Allegedly, plaintiff was then handled with excessive force and placed into a van, triggering plaintiff's anxiety and claustrophobia. Plaintiff alleges that, while being transferred to another van, he was assaulted and sustained injuries that included a swollen eye, a knot on his head, and swollen wrists.

Plaintiff brings claims under 42 U.S.C. § 1983 against Rehman, Delovic, and two correctional officers sued as John Does. Plaintiff alleges that at least one John Doe defendant

failed to intervene.  The complaint identifies all defendants' addresses as the Sing Sing Correctional Facility in Westchester County and plaintiff's address as the Eastern Correctional Facility in Ulster County.

## **DISCUSSION**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought … ." 28 U.S.C. § 1404(a).  A civil action may be brought in, among other districts, a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1404(a), a court may transfer a case *sua sponte*.  Lead Indus. Ass'n, Inc. v. Occupational Safety and Health Admin., 610 F.2d 70, 79 n.17 (2d Cir. 1979).  When deciding whether to transfer venue under 28 U.S.C. § 1404(a), "the court must accept as true all of plaintiffs' well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence … ."  Mohsen v. Morgan Stanley & Co. Inc., No. 11-cv-6751, 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013).

When determining whether to transfer venue, courts consider factors including, among others:  plaintiff's choice of forum; the convenience of witnesses and parties; the location of relevant documents and relative ease of access to sources of proof; and the locus of operative facts.  New York Marine and Gen. Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 112 (2d Cir. 2010).  Although the Court would typically give "substantial consideration" to plaintiff's choice of forum, "the emphasis that a court places on plaintiff's choice of forum diminishes where the facts giving rise to the litigation bear little material connection to the chosen forum."

2

Pilot Corp. v. U.S. Robotics, Inc., No. 96-cv-5483, 1997 WL 47790, at *2 (S.D.N.Y. Feb. 6, 1997) (internal quotation marks and alternations omitted).

Here, the Southern District of New York is the appropriate forum for this action. Because the complaint alleges that defendants injured plaintiff in New York County, plaintiff could have filed this action in the Southern District of New York, which includes New York County. See 28 U.S.C. § 112(b).

Plaintiff instead chose to file this action in the Eastern District of New York, which has no apparent connection to the relevant facts. New York County is the locus of operative facts and the likely location of relevant documents, witnesses, and other sources of proof.

Further, the complaint does not allege that any parties reside in the Eastern District of New York. The complaint lists plaintiff's address as Ulster County, which is within the Northern District of New York, and defendants' address as Westchester County, which is within the Southern District of New York. See id. Although the addresses listed for defendants appear to be their work addresses rather than residential addresses, there is no indication that any defendant has any relationship with the Eastern District of New York.

## **CONCLUSION**

The Clerk is directed to transfer this case to the United States District Court for the Southern District of New York. The seven day waiting period under the Local Rules is waived. **SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      March 23, 2019